THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MORRIS BRESSLER, PLAINTIFF IN ERROR.

Decided January 18, 1927.

**Crimes—Receiving Stolen Goods—Eleven Specifications of Causes For Reversal Alleged and Those Not Abandoned Considered by the Court—They Include a Verdict Against Weight of Evidence, Several Errors in Charge and in Examination of Witnesses—No Error Found and Judgment Affirmed.**

On error to the Union County Quarter Sessions.

Before Justices BLACK and CAMPBELL.

For the plaintiff in error, *Maurice C. Brigadier.*

For the defendant in error, *Abe J. David.*

PER CURIAM.

The plaintiff in error was indicted and convicted at the Union County Quarter Sessions Court of the crime of receiving stolen goods.

The judgment of conviction is before us for review under section 136 of the Criminal Procedure act, and eleven specifications of causes of reversal are assigned. These are presented in the brief of the plaintiff in error under ten points, the eleventh specification being abandoned.

The first point is that the verdict is against the weight of the evidence. This we conclude is not so.

The second and third points are that the trial court erred in charging the jury that one Gillespie was an accomplice. The point attempted to be made is that by the court so referring to Gillespie the jury could draw the inference therefrom that the plaintiff in error must have received stolen goods if Gillespie was his accomplice. But we can get no such thought or suggestion from a reading of the portions of the charge complained against, and find the point to be without merit either in fact or law.

The fourth point is that there was prejudicial error in that part of the charge where the court said: "But there were several other witnesses produced by the state who, if you believe their testimony, corroborate Mr. Gillespie in many important details." The objection is directed not at the statement that there was corroborative testimony but that it was "in many important details," as that was for the jury to determine.

We have been unable, however, to find anything improper in this respect or that the plaintiff in error was harmed or prejudiced thereby.

The fifth specification of causes is also abandoned.

The sixth point is that the trial court committed prejudicial error in interrupting the cross-examination of Martin Striefler.

While neither approving or disapproving of the action of the trial judge we are unable to discover harm or prejudice suffered by the plaintiff in error.

The seventh point is error in permitting the witness Charles Gillespie to answer the question—"What was said by Joe, Mush, you and Spora?"

The complaint against this is that against the protest of counsel for plaintiff in error the court permitted an answer before ascertaining whether the conversation was in the presence and hearing of the accused. It later developed that it was not, and the answer was thereupon stricken out with proper and complete instructions to the jury to disregard it. The completeness and care with which these instructions were given precludes the creation of harmful error and prejudice.

The eighth point is that the trial court erred and prejudiced the cause of the plaintiff in error by wrongly accusing his counsel of being in contempt of court.

We find no merit in this.

The ninth point is that error was committed in permitting the following question to be put to and answered by the wife of Gillespie—"After your husband began to associate with Bressler and Spora did he have extra money?"

The complaint is that conceding that he did have extra money it might have come from any number of sources other than Bressler and Spora. Admitting the force of this, still the question was proper because from all of the circumstances the jury would not have been unjustified in finding that such extra funds were derived from the unlawful transaction charged.

The tenth and final point is error in permitting the following question to be put by the state to, and answered by, the witness David Clark—"Didn't you tell me they told you this is Mr. Friedman?"

We, however, find no error in this.

The judgment under review is affirmed.